ALTA E. BENNETT, trustee, *vs.* BOARD OF APPEAL OF THE CITY OF CAMBRIDGE.

Middlesex.    March 8, 1929. — September 10, 1929.

Present: RUGG, C.J., PIERCE, CARROLL, & FIELD, JJ.

*Zoning,* Variation of ordinance, Board of appeal.  *Statute,* Construction. *Cambridge.*  *Municipal Corporations,* By-laws and ordinances.

In January, 1929, the board of appeal of the city of Cambridge had no jurisdiction or power so to vary the provisions of § 12 of its zoning ordinance as to permit a garage for more than two motor cars to be erected within a residence district to be used in conjunction with a hotel, permitted by the ordinance, unless there had been compliance with the provisions of § 15 of the ordinance by the procuring of "the written consents of the owners of seventy-five per cent of the area of the private property within five hundred feet of the center of the lot on which the garage is proposed to be erected," where it appears that the provisions of § 15 had not been varied by the board acting under § 27A, added to G. L. c. 40 by St. 1924, c. 133.

By the addition of § 27A to G. L. c. 40, the powers conferred upon the board of appeal of Cambridge by § 14 of its zoning ordinances were enlarged, but § 15 remained in force unless its provisions were varied by a definite order of the board to that effect upon a petition specifically asking for such variation in accordance with the provisions of said . § 27A.

A "petition to vary the application of Section 12 of the ordinance entitled 'Construction, Use, Maintenance and Inspection of Buildings' of said Cambridge . . . in so far as it pertains to [certain] premises so as to permit the erection of an apartment Hotel of first class fireproof construction, with garage facilities in the basement and subbasement for 140 automobiles," is not a petition under § 27A, added to G. L. c. 40 by St. 1924, c. 133, to vary the application of § 15 of the ordinance; and, in certiorari proceedings, an order by the board, purporting to grant the variation sought without the petitioner's previously having complied with the requirements of said § 15 by procuring "the written consents of the owners of seventy-five per cent of the area of the private property within five hundred feet of the center of the lot on which the garage is proposed to be erected", was ordered quashed.

PETITION, filed in the Supreme Judicial Court for the county of Middlesex, on January 21, 1929, for a writ of certiorari quashing an order of the board of appeal of the city of Cambridge varying the application of its zoning ordinance.

The petition was heard by *Crosby,* J. Material facts are stated in the opinion. The petitioner asked for the following rulings:

"1. Compliance with the provisions of § 15 of the ordinance of the city of Cambridge entitled 'Construction, Use, Maintenance and Inspection of Buildings,' is a condition precedent to the exercise of the power of the board of appeals to hold a public hearing upon a petition to vary the application of said ordinance by permitting in a residence district a garage for more than two motor vehicles.

"2. The garage permitted by the respondent board, for one hundred and forty cars in a residence district, will substantially derogate from the intent and purpose of said ordinance as a matter of law.

"3. The record as shown by the return is bare of any statement of the reasons for the decision of the respondent board which are recognized as valid or within its jurisdiction under the enabling statute or under said ordinance, and this is fatal to the validity of the variation attempted to be made by the board."

The rulings were refused and the petition was ordered dismissed. The petitioner alleged exceptions.

*J. Hannigan,* (*J. E. Hannigan* with him,) for the petitioner.

*P. J. Nelligan,* City Solicitor, (*J. W. Monahan* with him,) for the respondents.

Rugg, C.J.   This is a petition for a writ of certiorari to quash the record of a proceeding of the respondent board culminating in a decision to vary the application of the zoning ordinance of Cambridge.   It appears that John J. Shine, Inc., hereafter termed the landowner, held title to a lot of land in Cambridge located within a residence district, as established by the zoning ordinance, within which the erection of a hotel was permitted and the erection of a garage for more than two cars was prohibited.   The landowner applied to the superintendent of public buildings for the erection on its land of a hotel and garage for many cars combined in one building.   This application was rejected because the land was located within a residence district where the erection of a garage for more than two cars was prohibited.   The landowner thereupon appealed to the respondent board and petitioned for a change in the application of the zoning ordinance to the end that the erection on its land of an apartment hotel of first class fireproof construction with garage facilities in the basement and subbasement, to contain one hundred and forty cars, might be legalized.   The respondent board fixed a date for a public hearing on this appeal and petition and ordered notice thereof to be given in compliance with § 27A, added to G. L. c. 40 by St. 1924, c. 133.   Affidavit of service of notice in accordance with the order was made in behalf of the landowner.   A public hearing was held and subsequently the respondent board filed a decision.   As a part thereof findings were made, concluding with an order that the appeal be granted and the application of the zoning ordinance be varied so as to permit the construction and use of the desired building.

The residence district was established by § 12 of the zoning ordinance of Cambridge.   Confessedly the construction of the building described in the decision of the respondent board was prohibited within that district.   By § 14 the appeal board was given some power to vary the application of the zoning law.   It is not necessary to examine the provisions

of this section because the respondent board did not act un-
der it.   By § 15 of the zoning ordinance provision was made
to the effect that the respondent board "may permit in a
residence district a garage for more than two motor vehicles
. . . provided there are on file . . . the written consents of
the owners of seventy-five per cent of the area of the private
property within five hundred feet of the center of the lot on
which the garage is proposed to be erected . . ." with other
specifications not here material.   It is alleged in the petition
that the zoning ordinance of Cambridge was adopted on
December 31, 1923, and approved on January 7, 1924.   The
effect of §§ 12, 14 and 15 of the zoning ordinance of Cam-
bridge was that no garage such as here is in question could
be constructed except after the filing of written consents
according to § 15, and the return does not show that such
consents have been filed.

After the passage of the zoning ordinance the General
Court supervened by the enactment of said § 27A, added to
G. L. c. 40.   It there was provided by a law of general scope
(outside the city of Boston, see St. 1924, c. 488, § 19), that a
board of appeal "may vary the application of any by-law or
ordinance adopted under section twenty-five in specific cases
wherein its enforcement would involve practical difficulty or
unnecessary hardship and wherein desirable relief may be
granted without substantially derogating from the intent
and purpose of such by-law or ordinance, but not otherwise."
The power of the General Court over the subject of zoning is
supreme.   Article 60 of the Amendments to the Constitution.
When it has spoken as to any branch of that subject, conflict-
ing by-laws or ordinances established by local authority must
give way.   The effect of said § 27A was to enlarge the powers
of the board of appeal over those conferred by § 14 of the
Cambridge ordinance.   Section 15 of that ordinance is not
thereby annulled.   It remains effective so far as it goes.
*Inspector of Buildings of Lowell* v. *Stoklosa,* 250 Mass. 52, 62.
Its manifest design is to provide a safeguard against the in-
vasion of residential districts by garages for more than two
cars without the consent of a great majority of the interested
landowners.   That was a highly important feature of the

zoning ordinance. One method of approach to permission for the erection of such garages is still provided by that section. Of course it was beyond the power of the local authorities to tie the hands of the legislative department of government as to a police regulation such as this. It was competent for the General Court to provide another way by which that end could be accomplished. That has been done by said § 27A. But § 15 of the ordinance is still effective. Its force in conjunction with §§ 12 and 14 is to establish bounds to the authority of the appeal board. According to its terms and apart from § 27A of G. L. c. 40 the only way in which the landowner could erect the building desired was by procuring the written consents there specified, as a condition precedent to favorable action by the respondent board. It was within the jurisdictional power of the respondent board to vary the application of § 15, under said § 27A added to G. L. c. 40. It is apparent from the return of the respondent board that it did not undertake to do that. It is recited in the preliminary part of the decision of the respondent board that "The petitioner incorporated in its appeal a petition to vary the application of Section 12 of the Ordinance entitled 'Construction, Use, Maintenance and Inspection of Buildings' of said Cambridge adopted December 31, 1923, and approved January 7th, 1924, in so far as it pertains to premises situated at the southeast corner of Garden Street and Chauncy Street in said Cambridge, so as to permit the erection of an apartment hotel of first class fireproof construction, with garage facilities in the basement and sub-basement for one hundred and forty automobiles." This recital is correct. The appeal and petition of the land-owner make no reference to failure to comply with § 15 of the ordinance and contain no request that the provisions of that section be varied in their application to the land in question. That section is ignored in every part of the record. That section confers important privileges upon landowners in a residential district. If it was the aim of the landowner to ask for variation in the application of that section he should have stated it in plain words. The notice to the public and other landowners ought to have con-

veyed information to that effect.   The respondent board in dealing with the subject in its decision ought to have adjudicated with reference to that section as well as with reference to § 12, and passed upon all the points thereby raised as specified by said § 27A added to G. L. c. 40.   The record of the respondent board shows nothing with respect to § 15 of the ordinance.   There is no decision that its application ought to be varied in the public interests.   The general phrase at the conclusion of the decision of the respondent board, to the effect that the zoning ordinance be varied as requested, cannot go beyond the specific recital already quoted, to the effect that the subject under consideration related exclusively to a petition to vary the application of § 12 of the zoning ordinance.   That recital circumscribes all that is in the decision.

It follows that the record of the respondent board is fatally defective and that the writ of certiorari ought to issue.   The petitioner was aggrieved by the order dismissing the petition. It is unnecessary to pass upon the other points argued.

*Exceptions sustained.*