ARTHUR B. HOMER vs. CITY OF FALL RIVER.

Bristol.    October 25, 1948. — February 7, 1949.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Municipal Corporations*, Officers and agents, Veterans' services. *Fall River.*

In the absence of anything in the allegations of a declaration to show the powers and duties of the veterans' service department established in the city of Fall River by ordinance in 1944, it was error to sustain a demurrer on the ground that such department was abolished by the enactment of St. 1946, c. 599, requiring the establishment of municipal departments of veterans' services.

CONTRACT.    Writ in the Superior Court dated August 23, 1947.

The action was heard on demurrer by *Hurley*, J.

*G. L. Sisson*, for the plaintiff.

*J. T. Farrell*, Corporation Counsel, for the defendant.

WILLIAMS, J.    The plaintiff has appealed from an order of a judge of the Superior Court sustaining the defendant's demurrer to a declaration in contract.    The first of the two counts in the declaration and the only one on which the plaintiff now relies alleges that on November 28, 1945, the plaintiff was appointed to the position of executive director of the veterans' service department of Fall River under and by virtue of the authority of an ordinance of that city creating a veterans' service department, passed by the city council on October 10, 1944, and approved by the mayor; that he has held said position and has performed the duties thereof to the date of the writ in this action; that said position was and remained within the classified civil service; that the civil service commission under the provisions of St. 1942, c. 13, § 5, granted authority for his provisional employment for six months, which authority was renewed from time to time and included the six months period beginning May 28, 1947; that his salary was fixed

at $2,750 per annum; that said ordinance is still in full force and effect; that he was paid his salary at said annual rate up to and including April 12, 1947; but that since April 13, 1947, although he has performed or offered to perform the duties of his position, the defendant has refused to pay him and that the defendant now owes him $949.32 with interest.

The only ground of the defendant's demurrer which has been argued is that "Chapter 599 of the Acts of 1946, which went into effect June 14, 1946, abolished the veterans' service department of the city of Fall River, as constituted under the ordinance passed by the city council of the city of Fall River on October 10, 1944."

There are no allegations in the declaration concerning the powers and duties of the plaintiff or of the municipal department of which he is an officer. He states only that he is "executive director of the veterans' service department." Statute 1946, c. 599, made mandatory the establishment of municipal departments to furnish information, advice and assistance to veterans in obtaining various veterans' benefits. Each municipal department established thereunder was to be known as the department of veterans' services, and the officer in charge thereof as the director of veterans' services. It was provided that the director and his assistant or deputy were to be veterans and appointed, in a city, by the mayor with the approval of the city council, and that "the person in a city authorized by the city charter or by ordinance or vote of the city council . . . to disburse aid or relief or veterans' benefits . . . [under G. L. (Ter. Ed.) c. 115] shall, upon the effective date of this act, become the director of veterans' services for such city." It does not appear that the plaintiff was authorized by the ordinance to "disburse aid or relief or veterans' benefits" under c. 115. Without an allegation to that effect it cannot be ruled on demurrer that the office alleged to be held by the plaintiff is the same office as that described in St. 1946, c. 599. In the absence of allegations as to the powers and duties of the municipal department, it cannot be said that St. 1946, c. 599, although providing a comprehensive method

for furnishing service to veterans, effected the abolition of that department.

The order sustaining the demurrer to the plaintiff's declaration is reversed as to count 1 and is affirmed as to count 2.

*So ordered.*