ARTHUR B. HOMER *vs.* CITY OF FALL RIVER.

Bristol.    October 23, 1950. — January 5, 1951.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Municipal Corporations*, By-laws and ordinances, Officers and agents, Veterans' services. *Fall River. Veteran.*

St. 1946, c. 599, requiring the establishment of municipal departments of veterans' services, repealed by implication the 1944 ordinance of the city of Fall River establishing a veterans' service department; and the establishment of a department in that city pursuant to the statute abolished the department previously existing under the ordinance and terminated the office of the executive director of the previously existing department.

CONTRACT.    Writ in the Superior Court dated August 23, 1947.

The action was heard by *Smith,* J.

*G. L. Sisson,* for the plaintiff.

*J. T. Farrell,* Corporation Counsel, for the defendant.

WILLIAMS, J.    This is an action of contract[1] to recover salary alleged to be due the plaintiff for services as executive director of the veterans' service department of the city of Fall River from April 13, 1947, to August 23, 1947.    A judge of the Superior Court found for the defendant and, having made findings of fact substantially as hereinafter stated, ruled "that St. 1946, c. 599, superseded the ordinance of the city of Fall River passed October 10, 1944, and that upon the establishment of a department under the statute, the position of the plaintiff ceased to exist."    He then reported the case in the following terms:  "At the request of the parties and with their consent, I report this case to the Supreme Judicial Court and if my findings and rulings are correct, judgment is to be entered for the defendant.    If my

---

[1] See *Homer* v. *Fall River,* 323 Mass. 667.

findings and ruling are in error, a verdict is to be entered for the plaintiff in the sum of nine hundred forty-nine dollars and thirty-two cents (949.32) with costs." The facts as found by the judge are not in dispute and the only question before us concerns the correctness of his ruling. See *Weiner v. D. A. Schulte, Inc.* 275 Mass. 379, 384; *Charles I. Hosmer, Inc. v. Commonwealth,* 302 Mass. 495, 503.

On October 10, 1944, the city of Fall River adopted an ordinance establishing a veterans' service department, which provided for the establishment of a department supervised by three commissioners, later, by amendment, increased to five, with an executive head called "executive director" to which position the plaintiff was appointed. By § 5 of the ordinance it was provided that "It shall be the duty of the commission to make all necessary provisions for rendering service which may be required by veterans or their dependents seeking assistance, viz: Providing an information center and dispensing information relative to servicemen's readjustment, federal allotments and so forth. Provision for a rehabilitation medical clinic; vocational guidance service; procuring photostatic equipment for the purpose of reproducing essential documents; assistance in the obtaining of various forms of financial relief; providing special advisors relative to industrial and housing matters; employment service; legal advice department; a dental clinic, and all assistance in securing the following federal services; disability and death compensation; burials, life insurance; bonus payments; back pay; mustering out pay; all appeals relating to compensation, reinstatement of government insurance, and any further assistance for totally disabled." In the view we take of the case we need not determine whether this ordinance transcends the ordinance making powers of the city.

On July 25, 1945, St. 1945, c. 723, was enacted, being entitled "An Act authorizing the establishment and maintenance of municipal departments and of districts for furnishing information, advice and assistance to veterans of World War II or other veterans." It provided for its ac-

ceptance by cities and towns. It was never accepted by the city of Fall River. On June 14, 1946, St. 1946, c. 599, was approved as an emergency law and became effective immediately. See art. 48 of the Amendments to the Constitution, The Referendum, II. It was entitled "An Act making *mandatory* the establishment of municipal and district departments of veterans' services, under directors of veterans' services . . ." (emphasis supplied). It specifically repealed St. 1945, c. 723, and by § 1 added to G. L. (Ter. Ed.) c. 115,[1] five new sections numbered 10–14, inclusive, in which it was provided as follows: "The mayors of cities and the selectmen of towns, other than cities and towns which become a part of a district as authorized by the second paragraph of this section, shall cause to be established and maintained in their respective cities and towns a department for the purpose of furnishing such information, advice and assistance to veterans as may be necessary to enable them to procure the benefits to which they are or may be entitled relative to employment, vocational or other educational opportunities, hospitalization, medical care, pensions and other veterans' benefits. Each department so established and maintained shall be known as the department of veterans' services, and the officer in charge thereof shall be known as the director of veterans' services. Such director and any assistant or deputy director appointed under this section . . . shall be a veteran and shall be appointed in a city by the mayor, with the approval of the city council, and in a town by the selectmen" (§ 10). "They [the departments] may call at any time upon any department, board, division or commission of the commonwealth for such assistance as may be necessary in carrying out their functions. They shall also work in close co-ordination with existing federal agencies established for the aid of such veterans" (§ 13). "Departments established and maintained under sections ten to fourteen, inclusive, shall be under the general direction of the commissioner, and they

---

[1] See St. 1946, c. 584.

shall be physically located independently of, and separate and apart from, any other public or private agency, board, bureau, social agency or society, except a department or agency disbursing aid or relief or veterans' benefits under this chapter" (§ 14). Section 2 of the 1946 statute provided that "the person in a city authorized by the city charter or by ordinance or vote of the city council, and in a town authorized by vote of the selectmen, to disburse aid or relief or veterans' benefits under said chapter [c. 115] shall, upon the effective date of this act, become the director of veterans' services for such city or town and shall serve as such until other provision is made under authority of said section ten."

The city of Fall River established a new department under the 1946 statute and appointed a director of veterans' services in conformity with the statutory provisions. Thereafter the plaintiff was notified by the mayor on or about April 7, 1947, that "no salary for him as director of the veterans' service department of the city of Fall River would be approved, because the ordinance under which his former position was created had been superseded by the provisions of St. 1946, c. 599." He was paid his salary through April 12, 1947.

It is contended by the city that the enactment of this statute repealed by implication the city ordinance under the provisions of which the plaintiff was serving as executive director, and that the office held by him thereby had been abolished.

Although ordinarily the repeal of a statute by implication is not favored by the law, see *Commonwealth* v. *Bloomberg*, 302 Mass. 349, 352, and cases cited; *Brown* v. *Lowell*, 8 Met. 172, it is a recognized principle "that the enactment of a statute which seems to have been intended to cover the whole subject to which it relates, impliedly repeals all existing statutes touching the subject and supersedes the common law." *Doyle* v. *Kirby*, 184 Mass. 409, 411–412; *Bartlet* v. *King*, 12 Mass. 537, 545. *Lakin* v. *Lakin*, 2 Allen, 45. *Warr* v. *Collector of Taxes of Taunton*, 234 Mass. 279.

*Commonwealth* v. *Commissioner of Banks in re Prudential Trust Co.* 240 Mass. 244, 250. *Cosmopolitan Trust Co.* v. *Suffolk Knitting Mills,* 247 Mass. 530. *Godfrey* v. *Building Commissioner of Boston,* 263 Mass. 589. *O'Connor* v. *Boyden,* 268 Mass. 111, 114. *Salisbury* v. *Salisbury Water Supply Co.* 279 Mass. 204, 206. The same rule applies to ordinances of a city. *Bennett* v. *Board of Appeal of Cambridge,* 268 Mass. 419, 422. *McDonald* v. *Superior Court,* 299 Mass. 321, 324. The statute under consideration appears to represent an effort by the Legislature to coördinate all advisory services in respect to veterans' aid and benefits under the supervision of the State commissioner of veterans' services. Its provisions are added as §§ 10–14, inclusive, by way of amendment to c. 115, which deals comprehensively with the subject of veterans' aid. The purpose of the statute is broadly stated. Administrative agencies or departments are established to implement the carrying out of this purpose. The powers delegated to these agencies are commensurate with the results designed to be accomplished by their exercise. Maintenance of a uniform State wide policy is insured by providing for supervision by the commissioner. Coöperation with Federal agencies is made obligatory and, with other State agencies, permissive. The plan of the statute seems to include the regulation of all activities connected with preliminary assistance for procuring veterans' aid and benefits. The ordinance deals with the same subject. In our opinion under the principle above stated the statute repealed the ordinance. It follows that the department established under the statute superseded the department established under the ordinance and that the office held by the plaintiff was terminated. After April 12, 1947, the date to which he had been paid, he had no right to further payments of salary. The ruling of the judge was correct and there was no error in the finding for the defendant. In accordance with the terms of the report, judgment is to be entered for the defendant.

*So ordered.*