PAUL L. DOHERTY & others[1] *vs.* COMMISSIONER OF
ADMINISTRATION.[2]

Suffolk.   October 6, 1965. — December 7, 1965.

Present: SPALDING, WHITTEMORE, CUTTER, KIRK, & REARDON, JJ.

*Capitol Police. Executive Office for Administration and Finance. Civil
Service. Statute, Repeal.*

Under G. L. c. 7, § 4D, inserted by St. 1962, c. 757, § 4, the Commissioner
of Administration of the Executive Office for Administration and
Finance, instead of the State superintendent of buildings, became the
"appointing authority" of capitol police officers and the official before
whom dismissal hearings for the officers under G. L. c. 31, § 43 (a),
should be held.   [690, 691]

G. L. c. 7, § 4D, inserted by St. 1962, c. 757, § 4, impliedly repealed the
inconsistent and repugnant provision of G. L. c. 8, § 4, that the State
superintendent of buildings appoint capitol police officers.   [691]

BILL IN EQUITY filed in the Superior Court on December 23, 1964.

The suit was heard by *Sullivan,* J.

*John E. Sullivan,* Assistant Attorney General (*Augustus
J. Camelio,* Assistant Attorney General, with him), for the
defendant.

*Lawrence F. O'Donnell* (*Mitchell G. Hadge & John B.
Greene* with him) for the plaintiffs.

KIRK, J.   The plaintiffs are capitol police[3] officers who
seek a determination under G. L. c. 231A of the validity of
dismissal proceedings brought against them by the commis-
sioner on December 9, 1964.   The single issue is whether

---

[1] William J. Spellman and Francis V. Perry.

[2] By St. 1962, c. 757, § 3, the title to the office of Commissioner of Ad-
ministration and Finance was redefined as "the commissioner of administra-
tion." William A. Waldron was the commissioner when the bill was brought.
His successor has been substituted as the defendant.

[3] By St. 1935, c. 251, amending G. L. c. 8, § 4, it was provided that "Watch-
men appointed . . . for service at the state house or . . . grounds . . . shall
be designated as capitol police."

the commissioner or the State superintendent of buildings (superintendent) is the "appointing authority" of capitol police officers. The resolution of this issue is determinative of who is the proper official before whom dismissal hearings should be held under G. L. c. 31, § 43 (a).[4]

The judge ruled that the superintendent, and not the commissioner, was the appointing authority. The final decree enjoined hearings before the commissioner. The case is here on the commissioner's appeal under G. L. c. 231A, § 4.

It is not disputed that under G. L. c. 8, § 4, the appointing authority lay with the superintendent. That statute provides that the superintendent "may appoint such . . . capitol police officers . . . as may . . . enable him to perform his duties." This provision has never been expressly repealed. The plaintiffs contend that despite subsequent legislation, later to be discussed, the appointing authority remains with the superintendent. They argue in part that had the Legislature intended to withdraw the appointing authority granted by G. L. c. 8, § 4, it would have done so by express repeal, as indeed the Legislature by St. 1962, c. 757, § 35, did expressly repeal G. L. c. 8, § 2, relating to the appointment, tenure and salary of the superintendent. They ask us to conclude that the superintendent is still the appointing authority and that the hearings for dismissal may properly be held only before him.

The commissioner, on the other hand, contends that by St. 1962, c. 757, in amendment of G. L. c. 7 and c. 8, the appointing authority by necessary implication has been transferred from the superintendent to the commissioner. We examine this contention. It is plain that St. 1962, c. 757, effected far reaching changes in the executive department of the government of the Commonwealth. Among other changes, it established the Executive Office for Ad-

----

[4] "Every person . . . under permanent appointment in the . . . service of the commonwealth . . . shall not be discharged . . . [unless] given a full hearing before the appointing authority on the specific reason or reasons given . . . ."

ministration and Finance (G. L. c. 7, § 2, as amended by St. 1962, c. 757, § 4), and, with two express exceptions not here material,[5] provided that "the commissioner shall be responsible for the exercise of all powers and the performance of all duties assigned by law to the executive office for administration and finance or to any division, bureau or other administrative unit or agency under the said office. He shall be the executive and administrative head of the said office; and every division, bureau, section and other administrative unit and agency within the said office, other than . . . [named exceptions (see fn. 5)] shall be under his direction, control and supervision." G. L. c. 7, § 4, as amended by St. 1962, c. 757, § 4, and by St. 1963, c. 801, § 11. The 1962 amendment, by the enactment of what is now G. L. c. 7, § 4A, created four divisions within the Executive Office for Administration and Finance, one of which was designated as a "central services division, headed by a deputy commissioner for central services," and, by the enactment of what is now § 4C, provided that "There shall be within the central services division . . . a bureau of state buildings headed by a state superintendent of buildings . . . appointed by the commissioner, with the approval of the governor and council," and by the enactment of what is now § 4D, provided, again with express exceptions (see fn. 5), that "the commissioner shall appoint *all* employees of the executive office for administration and finance" (emphasis supplied).

The effects of the foregoing provisions of St. 1962, c. 757, are that the plaintiffs, as capitol police officers, are employees in an agency of the bureau of State buildings whose immediate head is the State superintendent of buildings; that the bureau of State buildings is a subdivision of the central services division; that the central services division is one of the four major divisions of the Executive Office for Administration and Finance, and that *all* of the employees in the central services division of the Executive

---

[5] The exceptions are the comptroller's division and the purchasing agent's division established under G. L. c. 7, § 4A, inserted by St. 1962, c. 757, § 4.

Office for Administration and Finance are appointed by the commissioner "in accordance with chapter thirty-one."

This comprehensive delegation to the commissioner of the authority to appoint all employees, with specific exceptions, coupled with the legislative declaration that, as executive and administrative head of the Executive Office for Administration and Finance, he has "direction, control and supervision" over "every . . . bureau . . . within the said office" lead us to the conclusion that under G. L. c. 7, § 4D, inserted by St. 1962, c. 757, § 4, the commissioner became the appointing authority of the plaintiffs.

We are thus confronted with a situation where two State public officers by separate and extant statutory provisions are vested with the power to appoint capitol police officers. This raises the issue of the applicability of the recognized principle of implied repeal to G. L. c. 8, § 4. Although the principle is one which the court, in deference to the Legislature, does not regard with favor and applies with caution, it has its proper place in judicial construction of legislative enactments. It derives from the basic concept that it is the duty of the court to ascertain the legislative intent and to effectuate it. The test of the applicability of the principle of implied repeal is whether the prior statute is so repugnant to and inconsistent with the later enactment covering the subject matter that both cannot stand. *Commonwealth* v. *Bloomberg,* 302 Mass. 349, 352. Repugnancy and inconsistency may exist when the Legislature enacts a law covering a particular field but leaves conflicting prior prescriptions unrepealed. *Homer* v. *Fall River,* 326 Mass. 673, 676, and cases cited. *Bond Liquor Store, Inc.* v. *Alcoholic Beverages Control Commn.* 336 Mass. 70, 74. Where such a conflict does appear it is the court's duty to give effect to the Legislature's intention in such a way that the later legislative action may not be futile. The earlier enactment must give way. *Sullivan* v. *Worcester,* 346 Mass. 570, 573, and cases cited.

We think that by St. 1962, c. 757, the Legislature, establishing the Executive Office for Administration and

Finance, intended to cover comprehensively its structure, methods of operation and procurement of personnel. The plaintiffs maintain, nevertheless, that the new G. L. c. 7, § 4D, is not necessarily repugnant to and inconsistent with G. L. c. 8, § 4, in that the superintendent, although subordinate to the commissioner and deputy commissioner of central services under c. 7, could still consistently retain and exercise the power of appointment under G. L. c. 8, § 4. A brief analysis, however, of the new G. L. c. 7, § 4D, leads us to conclude otherwise. Since the plaintiffs are employees of the Executive Office for Administration and Finance, and since the words "all employees" must be taken to mean what they say, and further, since the provision that "the commissioner shall appoint all employees" can admit of no exceptions other than those set out in the statute, it follows that the later statute is inconsistent with and repugnant to the earlier statute which vests the appointing authority in the superintendent. We hold accordingly that G. L. c. 7, § 4D, impliedly repealed G. L. c. 8, § 4, in so far as the latter relates to the appointment of employees, and that the appointing authority before whom the plaintiffs may appear for a hearing under G. L. c. 31, § 43 (a), is the Commissioner of Administration.

The decree is reversed. A decree is to be entered in accordance with this opinion.

*So ordered.*