398 Mass. 715 (1986)
500 N.E.2d 802
BOSTON HOUSING AUTHORITY
vs.
LABOR RELATIONS COMMISSION & another.[1]
Supreme Judicial Court of Massachusetts, Suffolk.
September 8, 1986.
December 3, 1986.
Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.
Richard M. Bluestein (Janet Steckel Lundberg & Valda Alden Winsloe with him) for the plaintiff.
Margery Williams for Labor Relations Commission.
Ira Sills (Shelley Kroll with him) for Massachusetts Laborers District Council, I/B/O Local No. 367, intervener.
LYNCH, J.
On November 18, 1985, the Boston Housing Authority (authority) filed with the Labor Relations Commission (commission) a petition for investigation of a strike, pursuant to G.L.c. 150E, § 9A.[2] The authority alleged that the *716 Massachusetts Laborers District Council, I/B/O Local No. 367 (union), and the public employees it represented were engaging or about to engage in a strike in violation of G.L.c. 150E, § 9A (a). The commission declined to proceed with an investigation and dismissed the petition.
The commission held that G.L.c. 150E, § 9A, does not apply to public housing authorities. In support of this conclusion it relied on G.L.c. 121B, § 29.[3] The commission ruled that c. 121B, § 29, limited the applicability of G.L.c. 150E, in spite of the broad sweep of G.L.c. 150E, § 1.[4] The authority appealed to the Appeals Court and we took the case on our own motion. The commission was in error.
The commission first contends that the case is not appealable under G.L.c. 150E, § 11,[5] as it is not a "final order," and *717 that the right to appeal in § 11 has no applicability to a petition for investigation under § 9A. There is no doubt that the commission's decision in the present case was in a sense "final" as it dismissed the petition. Moreover, the dismissal was based upon the commission's view that it lacked jurisdiction to proceed rather than its perception that § 9A had not been violated. Because the commission's action was predicated on its view that it lacked jurisdiction, it is not necessary to reach the question whether every dismissal of a petition to investigate under § 9A is directly appealable under § 11. Furthermore, even if the order appealed from was not a final order it would have been appropriate for the authority to obtain judicial review of the commission's jurisdiction under § 9A by way of a complaint for declaratory judgment under G.L.c. 231A. The commission conceded at oral argument that the court could treat this case as a request for declaratory relief and answer the substantive question. We therefore consider the question of the commission's jurisdiction.[6]
There is no doubt that housing authorities, including the Boston Housing Authority, are "public employers" within the meaning of G.L.c. 150E, § 1, amended in 1981, and the commission does not contend otherwise. See Fall River Hous. *718 Auth., 7 M.L.C. 1722 (1981) (Fall River Housing Authority is public employer within the meaning of G.L.c. 150E, § 1); Geriatric Auth. of Holyoke, 12 M.L.C. 1571, 1575-1576 (1986) ("The recent amendment [St. 1981, c. 484, amending § 1 of G.L.c. 150E] was intended to include authorities"). The commission does contend, however, that G.L.c. 121B, the specific enabling legislation applicable to housing authorities, limits the applicability of G.L.c. 150E to the sections enumerated in G.L.c. 121B, § 29. Section 29 was amended in 1977 to make §§ 4, 10 and 11 of G.L.c. 150E applicable to housing authorities. The commission argues that to apply any other section of G.L.c. 150E to housing authorities would be an implied repeal of G.L.c. 121B, § 29. Where two statutes deal with the same subject they should be interpreted harmoniously to effectuate a consistent body of law. Hadley v. Amherst, 372 Mass. 46, 50-51 (1977). Everett v. Revere, 344 Mass. 585, 589 (1962). The doctrine of implied repeal does not mandate repeal of the earlier statute unless it is "so repugnant to and inconsistent with the later enactment covering the same subject matter that both cannot stand." Doherty v. Commissioner of Admin., 349 Mass. 687, 690 (1965). See also Emerson College v. Boston, 393 Mass. 303, 306 (1984). We do not believe that the statutes are inconsistent. The broad application of G.L.c. 150E to housing authorities merely expands the coverage of c. 150E from that already provided by G.L.c. 121B, § 29. By this interpretation, the prior statute G.L.c. 121B, § 29, therefore becomes merely redundant, not repugnant or conflicting. Assuming that the statutes are inconsistent, traditional doctrines of statutory interpretation point in different directions. For example, we have said that where the Legislature enacts a new law covering a particular field but leaves conflicting prior prescriptions unrepealed, the earlier statute must give way to the later one. Doherty v. Commissioner of Admin., supra at 690. The court has also observed that, in the case of conflicting statutes, normally the more specific statute will prevail over the more general statute. Boston Teachers Local 66 v. School Comm. of Boston, 370 Mass. 455, 472 (1976). Pereira v. New England LNG Co., *719 364 Mass. 109, 118 (1973). See also Mulrain v. Selectmen of Leicester, 13 Mass. App. Ct. 48 (1982). This is not the case, however, where the more general statute was enacted to provide a comprehensive coverage of the subject area. Homer v. Fall River, 326 Mass. 673, 676 (1951). See also Boston Teachers Local 66 v. School Comm. of Boston, supra at 472. Chapter 150E is such a statute, enacted as a "comprehensive Statewide statutory revision concerning the collective bargaining rights of public employees." Id. at 472-473.
We conclude, therefore, that the comprehensive nature of G.L.c. 150E must prevail over any limitations which might be read into G.L.c. 121B, § 29. The commission itself has expanded the applicability of G.L.c. 150E beyond the purported limitations of G.L.c. 121B, § 29. See Worcester Hous. Auth., 9 M.L.C. 1008 (1982); Worcester Hous. Auth., 5 M.L.C. 1459 (1978).[7] Furthermore, it is only by implication that G.L.c. 121B, § 29, can be said to limit the applicability of G.L.c. 150E. If § 29 of c. 121B is read as limiting the applicability of c. 150E as the commission suggests, the result is that § 9A of c. 150E, which prohibits public employee strikes, is read out of the general statute dealing with public employee labor relations. We perceive no legislative intent to single out the provisions of G.L.c. 150E, § 9A, as being inapplicable to housing authorities and we reject reaching such a result by implication.
Strong policy considerations support our interpretation of this statute. Traditionally, public employees have been denied the right to strike. Director of the Div. of Employee Relations of the Dept. of Admin. & Fin. v. Labor Relations Comm'n, 370 Mass. 162, 167-168 (1976). School Comm. of Burlington v. Burlington Educators Ass'n, 7 Mass. App. Ct. 41, 47 (1979). General Laws c. 149, §§ 178F & 178M, as amended (St. 1973, c. 1078, § 1, repealed these sections and inserted G.L.c. 150E). *720 See also Annot., 37 A.L.R.3d 1147, 1150 (1971). The rationale for such a policy is that public employees provide essential services and serve the public purpose. Strikes by public employees are contrary to the public welfare and could under certain conditions paralyze segments of society. See Annot., supra at 1150.
This rationale applies with full force to the employees of the Boston Housing Authority. They provide vital maintenance services for approximately 18,600 apartments housing low income and elderly residents in the city of Boston. In a collateral case in the Superior Court Department in Suffolk County based on the same facts as in the case before this court (see note 6, supra), the judge made a finding that there was a strike on November 20, 1985, which "while it lasted only one day ... caused considerable problems for the Authority in providing proper services for its 55,000 tenants, and said strike threatened the health and safety of these tenants."
The authority also makes the compelling argument that, if § 9A does not apply, its employees will be the only ones for whom no statute addresses the issue of strike activity. The commission admits that under its interpretation the public housing authorities would be the only public employers within the meaning of G.L.c. 150E, § 1, whose employees would not be subject to the no-strike provision of § 9A or some other statute.[8] Such an anomalous result should not be reached in the absence of a clear legislative mandate.
Because we conclude that G.L.c. 150E, § 9A, applies to employees of housing authorities, we find that the Labor Relations Commission did have jurisdiction, and we remand the case to the commission for further proceedings consistent with this opinion.
So ordered.
NOTES
[1] Massachusetts Laborers District Council, I/B/O Local No. 367, intervener.
[2] General Laws c. 150E, § 9A (1984 ed.), states: "(a) No public employee or employee organization shall engage in a strike, and no public employee or employee organization shall induce, encourage or condone any strike, work stoppage, slowdown or withholding of services by such public employees.

"(b) Whenever a strike occurs or is about to occur, the employer shall petition the commission to make an investigation. If, after investigation, the commission determines that any provision of paragraph (a) of this section has been or is about to be violated, it shall immediately set requirements that must be complied with, including, but not limited to, instituting appropriate proceedings in the superior court for the county wherein such violation has occurred or is about to occur for enforcement of such requirements."
[3] General Laws c. 121B, § 29 (1984 ed.), provides in part: "A housing authority shall bargain collectively with labor organizations representing its employees and may enter into agreements with such organizations.

"Notwithstanding any provision of law to the contrary the provisions of sections four, ten and eleven of chapter one hundred and fifty E shall apply to said authorities and their employees."
[4] General Laws c. 150E, § 1 (1984 ed.), defines "employer" or "public employer" as: "the commonwealth acting through the commissioner of administration, or any county, city, town, district, or other political subdivision acting through its chief executive officer, and any individual who is designated to represent one of these employers and act in its interest in dealing with public employees, but excluding authorities created pursuant to chapter one hundred and sixty-one A and those authorities included under the provisions of chapter seven hundred and sixty of the acts of nineteen hundred and sixty-two."
[5] General Laws c. 150E, § 11 (1984 ed.), provides in part: "When a complaint is made to the commission that a practice prohibited by section ten has been committed, the commission may issue an order dismissing the complaint or may order a further investigation or a hearing thereon. The commission may dismiss a complaint without a hearing if it finds no probable cause to believe that a violation of this chapter has occurred or if it otherwise determines that further proceedings would not effectuate the purposes of this chapter.

"....
"Any party aggrieved by a final order of the commission may institute proceedings for judicial review in the appeals court within thirty days after receipt of said order. The proceedings in the appeals court shall, insofar as applicable, be governed by the provisions of section fourteen of chapter thirty A."
[6] A preliminary injunction restraining the strike was issued in the Superior Court on December 11, 1985. This injunction was based upon a "no strike" clause in the collective bargaining agreement rather than G.L.c. 150E, § 9A, and is apparently still in effect. The parties do not urge us to dispose of this case on the ground of mootness, and we decline to do so. In addition, we think it appropriate that we decide the question of the commission's jurisdiction because of public interest involved. See Wellesley College v. Attorney Gen., 313 Mass. 722, 731 (1943).
[7] Sections 4, 10 & 11 of c. 150E were made applicable by G.L.c. 121B, § 29. The commission held §§ 2, 6, 8 & 9 of G.L.c. 150E applicable through § 10. Section 2 is not specifically enumerated in § 10. See Worcester Hous. Auth., 9 M.L.C. 1008 (1982); Worcester Hous. Auth., 5 M.L.C. 1459 (1978).
[8] Employees of authorities excluded from the definition of "public employer" are prohibited under their own enabling statutes from engaging in strikes. See G.L.c. 161A, § 19A (Massachusetts Bay Transportation Authority); St. 1962, c. 760 (Massachusetts Turnpike Authority, Massachusetts Port Authority, Massachusetts Parking Authority, and Woods Hole, Martha's Vineyard and Nantucket Steamship Authority).