Hurley, J.
These companion cases were brought to enforce common expense liens on certain condominium units at the Village atRed Inn located in Provincetown. After trial on a stipulation of facts, the trial judge ruled that the plaintiffs’ liens do not take priority over the defendant Salem’s mortgage. This report followed. We affirm the ruling of the trial judge and dismiss the report.
The parties stipulated to the following facts:
The complaints seeking enforcement of the common expense liens were filed in the Orleans Division on November 19, 1990. The complaints were recorded at the Barnstable County Registry of Deeds on January 28, 1991.
The Salem Five Cents Savings Bank is the holder of a mortgage dated March 5, 1987 and recorded with the Barnstable County Registry of Deeds at Book 5599, Page 100.
On November 19, 1990, the Trustees of the Rinn Realty Trust were the holders of a mortgage covering the subject units dated November 24, 1986 and recorded with the Barnstable County Registry of Deeds at Book 5449, Page 44. A discharge of this mortgage was executed January 7,1991 and recorded January 11, 1991 at the Barnstable County Registry of Deeds. This mortgage was satisfied in full at some point prior to March 5, 1987.
The plaintiff trustees take the position that the liens for the unpaid common expenses have priority over the mortgage to Salem because at the time of the filing of the complaints in the Orleans Division, the mortgage to Salem was not a “first mortgage of record.” See G.L.c. 183A, §6(c). At the time of thefiling of the complaints in the district court, an examination of the records in the Barnstable County Registry of Deeds discloses two mortgages of record covering the subject units. The Salem mortgage appeared to be a second mortgage.
G.L.c. 183A, §6(c) provides that liens for common expenses are to be enforced in the manner provided in G.L.c. 254, §§5 and 5A Section 5 provides that an attested copy of the complaint “shall be filed in the Registry of Deeds and recorded as provided in section 9...” Section 5A provided in relevant part that premises are sold subject to “existing encumbrances of record created prior to the filing of the complaint ...”[2] The plaintiff argues that the use of the word “filed” in §5A means that the filing of the *136 complaint in the district court determines the date on which priorities are to be determined. We do not agree with the plaintiffs reading of the language of §5A.
The interpretation of statutes dealing with the same subject matter must be read harmoniously to effectuate a consistent body of law. Boston Housing Authority v. Labor Relations Commission, 398 Mass. 715 (1986). Reading §§5 and 5Ato refer to a filing in court in §5A and a filing in the registry in §5 does not create an harmonious whole. Since reliance on records in the registry of deeds is a consistent thread in the enforcement of liens, it makes sense to read “filed” as meaning filed in the appropriate registry of deeds. This reading is in accordance with the amendment of §5A, fn.l, which became effective October 21, 1991. That amendment does not affectthe rights of the parties in this case.
The mortgage to Rinn (the first mortgage of record) was satisfied in full prior to March 5, 1987. That means that Rinn’s interest in the property terminated. Heller Financial v. Insurance Company of North America, 410 Mass. 400 (1991). A formal discharge is not necessary to extinguish the interest of the mortgagee. Pineo v. White, 320 Mass. 487 (1946). See also G.L.c. 183, §20. On the date the complaints were filed in the Orleans Division, the Rinn Realty Trust mortgage was no longer in effect. As of this date the defendant Salem Five Cents Savings Bank’s mortgage was the only mortgage in effect.
We affirm the rulings of the trial judge and dismiss the report.

 Section 5A was amended by Ch. 153 of the Acts of 1991 to provide in pertinent part that premises are sold subjectto “...tirstmortgages recorded priorto therecordingofthe complaint..”