ABRAHAM M. RENNERT *vs.* BOARD OF TRUSTEES OF STATE COLLEGES.

Suffolk.    April 3, 1973. — June 12, 1973.

Present: TAURO, C.J., REARDON, QUIRICO, HENNESSEY, & KAPLAN, JJ.

*State College. Statute,* Construction, Repeal. *Words,* "Professional staff."

Statute 1965, c. 572, § 44, which states that, excluding staff already tenured, "the professional staff of the department of education and the state colleges shall serve at the pleasure of their respective boards," repeals the tenure provisions of G. L. c. 73, § 4B, to that extent. [742–744]

The expression "professional staff" used in St. 1965, c. 572, § 44, includes teachers. [744–745]

BILL IN EQUITY filed in the Superior Court on December 13, 1971.

The suit was heard by *Tamburello, J.*

*Morris M. Goldings* (*Robert A. Saggese* with him) for the defendant.

*James T. Grady* for the plaintiff.

*John M. Greaney*, for Massachusetts Teachers Association, amicus curiae, submitted a brief.

REARDON, J. This is an appeal from a decree of the Superior Court granting declaratory relief. The plaintiff is an assistant professor of the faculty of Lowell State College. The defendant board is the electing and appointing authority, and as such employed the plaintiff on behalf of the Commonwealth pursuant to G. L. c. 73, § 16, et seq.

The plaintiff served as an assistant professor for four consecutive academic years from 1968 through 1972. In November, 1970, he received a letter from the president of the Lowell State College stating that an ad hoc faculty committee had voted not to recommend renewal of his nontenured contract after June of 1972. On January 14, 1971, the defendant, on recommendation of its Committee on Personnel, voted not to renew the plaintiff's contract for the 1972–1973 academic year. On October 11, 1971, the plaintiff wrote to the chairman of the Committee on Personnel requesting a hearing and a written account of the reasons for the non-renewal of his contract, claiming that he was entitled to these by virtue of being a tenured faculty member. The defendant rejected both of these requests, asserting that the plaintiff was not serving on tenure and that its written policy "on Appointment, Promotion and Tenure, dated May 15, 1967, as amended, expressly states that faculty members who began their period of service after September 25, 1965, are not entitled to be considered for tenure until they have served six (6) consecutive academic years at the college." All of these actions produced from the plaintiff on December 13, 1971, this bill which alleges that he has been deprived of rights afforded him under G. L. c. 73, § 4B, and seeks an order that the defendant employ him

for the 1972–1973 academic year and thereafter as a duly elected faculty member on tenure. The defendant, answering, alleged that G. L. c. 73, § 4B, had been superseded by St. 1965, c. 572, § 44.

A judge of the Superior Court entered a decree declaring that G. L. c. 73, § 4B, was still in force; that the defendant had improperly terminated the plaintiff's employment; that he had tenure; and that he was entitled to the protection of G. L. c. 73, § 4B. The decree further ordered the defendant to employ the plaintiff for the academic year 1972–1973 and thereafter as a faculty member on tenure.

The sole issue before us is whether St. 1965, c. 572, § 44, has repealed G. L. c. 73, § 4B.

General Laws c. 73, § 4B, as amended through St. 1964, c. 561, § 10, provides as follows: "The board of trustees, in electing a teacher in a state college, the Massachusetts college of art or the Massachusetts Maritime Academy who has served as such for the three previous consecutive school years, shall employ him to serve at its discretion, and notwithstanding any contrary provision of general or special laws, he shall not be dismissed from such employment except for just cause and for reasons specifically given him in writing by the said board. Before any such removal is effected, the said teacher, upon his request, shall be given a full hearing before said board, of which hearing he shall have at least thirty days written notice from said board, and he shall be allowed to answer charges preferred against him, either personally or by counsel."

This section was added by St. 1954, c. 350.

Statute 1965, c. 572, § 44, provides as follows: "The professional staff of the department of education and the state colleges shall serve at the pleasure of their respective boards, provided that the tenure of office of any member of such staff on the effective date of this act shall not be impaired. The classification, title and salary of each member of the professional staff of the department of education and the state colleges immediately

prior to the effective date of this act shall remain in effect until changed by their respective boards."

This statute was approved on June 28, 1965.

It is true, as the plaintiff argues, that St. 1965, c. 572, § 44, contains no direct repeal of the prior provisions in G. L. c. 73, § 4B, which are at issue here, and that we are loath to find that a prior statute has been superseded in whole or in part in the absence of express words to that effect or of clear implication. See *Inspector of Bldgs. of Falmouth* v. *General Outdoor Advertising Co. Inc.* 264 Mass. 85. However, we have held hitherto, where two statutes cover the same subject matter and are inconsistent and repugnant, that the later statute governs, for otherwise it would be rendered nugatory. See *Porter* v. *City Council of Malden,* 346 Mass. 368.

Furthermore, even in cases where it was logically possible that the prior statute continue in force as an exception to a more general subsequent statute, we held that there was implied repeal where it was necessary to give effect to the apparent legislative intent. Thus, in *Doherty* v. *Commissioner of Admn.* 349 Mass. 687, it was pointed out that G. L. c. 8, § 4, provided that the State Superintendent of Buildings had authority to appoint capitol police officers. Statute 1962, c. 757, a subsequent general statute reorganizing the Commission on Administration and Finance and establishing the Executive Office for Administration and Finance, provided, inter alia, with express exceptions, that the Commissioner of Administration would appoint "all" employees of the Executive Office for Administration and Finance. Despite a possible inference that the commissioner was to appoint all employees except those left within the sphere of the Superintendent of Buildings, we held that the Legislature intended to act comprehensively and that the prior statute was repealed. For comparable situations, see *Homer* v. *Fall River,* 326 Mass. 673; *Bond Liquor Store, Inc.* v. *Alcoholic Beverages Control Commn.* 336 Mass. 70; *Supreme Council of the Royal Arcanum* v. *State Tax Commn.* 358 Mass. 111.

Though it did not expressly repeal G. L. c. 73, § 4B, we discern no reasonable way to give effect to St. 1965, c. 572, § 44, without holding that the protections of G. L. c. 73, § 4B, do not apply to teachers employed after the effective date of the 1965 statute.

The plain meaning of St. 1965, c. 572, § 44, is that the professional staff of the State colleges will serve at the pleasure of the board of trustees, without benefit of statutory tenure provisions, unless on the effective date of that statute they already had obtained tenure.

The plaintiff suggests that, as a teacher, he is not included within the class, "professional staff." Whether "professional staff" is given its ordinary, commonsense meaning, or is tied to the definition set out in G. L. c. 73, § 16 ("all officers of the division of state colleges, and all persons, except those whose duties are clerical, custodial, security, labor, maintenance and the like, employed for teaching, research, [and] administration . . ."), we think it includes an assistant professor engaged in teaching. There is nothing in the statute which suggests it is intended to have a radically narrower definition.

It might be argued that, although included within the general definition of "professional staff," teachers covered by the tenure protections of G. L. c. 73, § 4B, constitute an exception to the employment relationship defined for that group. This construction of St. 1965, c. 572, § 44, however, would fail to give effect to the clause, "provided that the tenure of office of any member of such staff on the effective date of this act shall not be impaired." If the statute were not to affect the tenure protections of teachers, it would have been entirely unnecessary to include such a provision. To view that statute otherwise would be to attribute a "barren and ineffective" action to the Legislature which is not lightly to be imputed. *Selectmen of Topsfield* v. *State Racing Commn.* 324 Mass. 309. *Insurance Rating Bd.* v. *Commissioner of Ins.* 356 Mass. 184, 189.

Both parties have presented arguments addressed to the various advantages and disadvantages of tenure gen-

erally, and of the specific three year provisions of G. L. c. 73, § 4B. It is not for this court to rule on the wisdom of tenure policy for State educational institutions. It may, however, be appropriate to point out that the effect of our construction of St. 1965, c. 572, § 44, is simply to leave the development of tenure policies within the power of the Board of Trustees of State Colleges, and that this increased autonomy seems entirely consistent with other sections of St. 1965, c. 572, which reorganized the existing government of State colleges.

The final decree is reversed. A new final decree is to be entered making a binding declaration that St. 1965, c. 572, § 44, not G. L. c. 73, § 4B, controls with respect to the plaintiff, and that he was not a faculty member on tenure and does not have rights as such.

*So ordered.*