NEWBURY STREET ASSOCIATES vs. BOARD OF ASSESSORS
OF BOSTON.

Suffolk. April 8, 1982. — June 18, 1982.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & LYNCH, JJ.

*Taxation*, Real estate tax: assessment, abatement.

The Appellate Tax Board, in abating real estate taxes on certain property
in the city of Boston pursuant to G. L. c. 58A, § 14, correctly com-
puted the equalized tax rate applicable to fiscal year 1981 by dividing
the city's 1981 tax levy by its 1980 equalized value. [514-516]

APPEAL from a decision of the Appellate Tax Board.

*Walter H. McLaughlin, Jr.*, for the defendant.

*Evan Y. Semerjian* for the taxpayers.

NOLAN, J. The board of assessors of the city of Boston (ci-
ty) is appealing from a decision of the Appellate Tax Board
(board) abating Newbury Street Associates' (taxpayers) real
estate taxes for fiscal year 1981. G. L. c. 58A, § 13. At issue
before the court is whether, pursuant to G. L. c. 58A, § 14,
the equalized tax rate for fiscal year 1981 was correctly com-
puted by the board.

Property owned by the taxpayers at 137 Newbury Street
was originally assessed at $582,400, and the assessed tax was
$158,820.48 based on a rate of $272.70 per thousand dollars
of assessed valuation. The taxpayers applied to the assessors
for an abatement. After the assessors failed to act, the tax-
payers filed a petition with the board claiming that the tax
was disproportionate and discriminatory. The board deter-
mined that the fair cash value of the property was
$1,286,000. After applying the necessary arithmetic, the
board determined that the taxpayers were entitled to a tax
abatement of $31,506.48.

The board calculated the abatement, pursuant to G. L. c. 58A, § 14, by first dividing the fiscal 1981 tax levy for Boston ($518,675,400) by the 1980 equalized value ($5,239,000,000)[1] to determine an equalized tax rate of $99 per thousand. The equalized tax rate was applied to the fair cash value of the property ($1,286,000) to determine the taxes which should have been paid ($127,314).

The figures used are not in dispute. The city, however, objects to the use of the 1980 equalized value in the determination of the equalized tax rate. It constructs its argument on the language of G. L. c. 58A, § 14, as amended by St. 1980, c. 261, §§ 8, 9, which states that an equalized tax rate should be computed by "dividing the total taxes as assessed for that city or town for the year for which the finding was made by the fair cash value of the city or town, which shall in no event be higher than the equalized value as finally reported to the general court pursuant to section ten C of chapter fifty-eight for that city or town in the year next preceding the year for which the finding was made."

The city's ratiocination is as follows. Since the fair cash value of the property upon which the tax levy and equalized value are based was determined as of January 1, 1980, the next preceeding year is 1979. Thus, the city argues that the 1978 equalized value should form a part of the basis for the abatement calculation. Since there was no equalized value study made in 1979, Boston would have the board adopt an average of the 1978 and 1980 equalized valuations in order to determine an approximate equalized valuation for 1979.

The issue, then, simply stated, is whether the year next preceding fiscal 1981 is 1980 or 1979. We agree with the board and hold that the 1980 equalized value was correctly applied.

There is some confusion engendered` by the statute because there is no recognition of any discrepancy between

[1] Equalized values are determined only in even calendar years. G. L. c. 58, § 9. Thus, equalized values were determined for Boston in 1978 and in 1980.

fiscal and calendar years. When construing statutes under such circumstances, we attempt to plumb the intent of the Legislature "ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated." *Board of Educ.* v. *Assessor of Worcester,* 368 Mass. 511, 513 (1975), quoting from *Industrial Fin. Corp.* v. *State Tax Comm'n,* 367 Mass. 360, 364 (1975).

The "year for which the finding [of disproportionate assessment] was made," G. L. c. 58A, § 14, was fiscal year 1981. We thus reject the city's argument that since the determination of the total tax was made as of January 1, 1980, the next preceding year must be 1979. Rather, we note that the 1980 equalized valuation was determined on the basis of fair cash values as of January 1, 1980. That date fell in fiscal year 1980, which is the year next preceding fiscal year 1981. For this reason alone we would uphold the board's construction of the statute.

Furthermore, we have recently stated that § 14 "establishes, in effect, an abatement to the municipal average, and thus produces a tax 'approximating the tax that should have been imposed by lawful assessment practices.'" *Keniston* v. *Assessors of Boston,* 380 Mass. 888, 892 (1980), quoting from *Tregor* v. *Assessors of Boston,* 377 Mass. 602, 610, cert. denied, 444 U.S. 841 (1979). The lawful assessment practices referred to in *Keniston* demand that, at least within each classification, real property be assessed proportionately. A more accurate approximation of the municipal average can be derived from the most recent equalized value, than from the equalized value of some earlier date. We thus hold that the "year next preceding the year for which the finding was made" must be the most recent year

for which the equalized value was determined. In this case
that year is 1980.[2]

*Decision of the Appellate
Tax Board affirmed.*

---

[2] Thus, for fiscal 1982 taxes, the 1980 equalized value would be utilized,
while for fiscal 1983 taxes, the 1982 equalized value would be ap-
propriate.