DEAN G. MIRAGEAS vs. MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY.

Suffolk. January 10, 1984. — May 14, 1984.

Present: HENNESSEY, C.J., LIACOS, NOLAN, & O'CONNOR, JJ.

*Massachusetts Bay Transportation Authority. Practice, Civil,* Waiver, New trial. *Statute,* Repeal, Emergency law. *Interest.*

The Massachusetts Bay Transportation Authority, the defendant in an action in tort arising out of an incident in which one of its streetcars struck down and ran over the plaintiff, waived the defense that G. L. c. 161A, § 21, barred the plaintiff from recovery if he was to any degree negligent, where the defendant raised this argument for the first time in its motion for a new trial, and where the judge's unobjected-to instruction to the jury in accordance with G. L. c. 231, § 85, the comparative negligence statute, was consonant with the defendant's written request at trial. [816-818]

Legislative amendment of G. L. c. 231, § 85, by St. 1969, c. 761, § 1, and St. 1973, c. 1123, § 1, establishing the doctrine of comparative negligence constituted an implied repeal of the requirement in G. L. c. 161A, § 21, that nonpassengers must have been in the exercise of due care to recover in tort from the Massachusetts Bay Transportation Authority. [818-819]

A statement filed by the Governor with the Secretary of the Commonwealth and declaring St. 1982, c. 183, to be an emergency law fulfilled the requirements of art. 48 of the Amendments to the Massachusetts Constitution, the Referendum II, so that the statute took effect immediately. [819-821]

The increased interest rates provided by St. 1982, c. 183, were appropriately applied to an action pending when the statute took effect. [821]

In a personal injury action arising out of an incident in which a thirteen year old plaintiff was struck down and run over by a Massachusetts Bay Transportation Authority streetcar resulting in the amputation of his left leg above the ankle, there was no abuse of discretion in the denial of a motion for a new trial grounded on the claim that damages in the amount of $1,520,000 were excessive. [821-822]

CIVIL ACTION commenced in the Superior Court on March 14, 1977.

The case was tried before *Cashman, J.*, sitting under statutory authority, and a motion for a new trial was heard by him.

After review was sought in the Appeals Court, the Supreme Judicial Court ordered direct appellate review on its own initiative.

*James G. Fay (Barbara A. Fay* with him) for the defendant.

*Neil Sugarman (Robert W. Casby* with him) for the plaintiff.

LIACOS, J.  On March 24, 1976, a disabled trolley car being pushed by another Massachusetts Bay Transportation Authority (MBTA) streetcar, struck down and ran over the plaintiff on Huntington Avenue in Boston. The plaintiff was, at the time, thirteen years old. As a result of this accident his left foot was amputated above the ankle. Later, he brought this action in the Superior Court in Suffolk County through his mother and next friend, Patricia Mirageas. The case was tried to a jury. On September 21, 1982, the jury returned a special verdict. The jury found that the MBTA had been 80% at fault in causing the accident, and Mirageas 20% at fault. The jury further found that Mirageas would have been entitled to damages of $1,900,000 if he had not been negligent. Accordingly, judgment was entered for Mirageas on September 22, 1982, in the amount of $1,520,000. Interest was awarded on the judgment at the rate of 12% from March 14, 1977, the date the complaint was filed. The MBTA filed a motion for a new trial, which was denied by the trial judge. It then filed a notice of appeal from the judgment[1] and from the denial of its motion for new trial. We transferred the appeal here on our own motion and consider the MBTA's claims of error.

1. *Whether the trial judge erred in entering judgment for the plaintiff.* The MBTA argues that under G. L. c. 161A, § 21, it was error for the trial judge to enter judgment for Mirageas. Chapter 161A, inserted by St. 1964, c. 563, § 18, estab-

---

[1] The judgment entered on September 22, 1982, did not include the rate or amount of interest. Interest was inserted in the judgment upon the motion of the MBTA for a corrected judgment after it had filed its notice of appeal.

lished the MBTA. Section 21 of c. 161A, unchanged since its enactment in 1964, provides in pertinent part: "The authority shall be liable in tort to passengers, *and to persons in the exercise of due care who are not passengers* or in the employment of the authority, for personal injury and for death and for damages to property in the same manner as though it were a street railway company . . ." (emphasis supplied). Mirageas was not a passenger. Since the jury found that he was not in the exercise of due care, the MBTA claims that his contributory negligence bars recovery.

The MBTA raised this argument for the first time in its motion for new trial. At trial, it requested, in writing, an instruction to the jury that they reduce the total amount of the plaintiff's damages, if any, by the proportion of negligence attributable to the plaintiff. It also requested the proviso that, if the plaintiff's negligence was greater than that of the MBTA and the drivers involved in the accident,[2] he was barred from recovery. In making this request, the defendant cited the comparative negligence statute, G. L. c. 231, § 85.[3] The instruction which the judge gave was in accordance with the comparative negligence statute. The defendant did not object to the charge; indeed, the charge given was consonant with the defendant's written request.

Clearly, the MBTA invited the action of the trial judge which it now claims was error. By so doing, it waived the defense

---

[2] The causes of action brought against the drivers of the two streetcars were waived at the time of closing arguments.

[3] General Laws c. 231, § 85, as appearing in St. 1973, c. 1123, § 1, provides in pertinent part: "Contributory negligence shall not bar recovery in any action by any person or legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not greater than the total amount of negligence attributable to the person or persons against whom recovery is sought, but any damages allowed shall be diminished in proportion to the amount of negligence attributable to the person for whose injury, damage or death recovery is made. In determining by what amount the plaintiff's damages shall be diminished in such a case, the negligence of each plaintiff shall be compared to the total negligence of all persons against whom recovery is sought. The combined total of the plaintiff's negligence taken together with all of the negligence of all defendants shall equal one hundred per cent."

that G. L. c. 161A, § 21, barred Mirageas from recovery if he was to any degree negligent. "A judge is required to submit to a jury only the issues which the parties have seen fit to try. An issue which is open on the pleadings may be expressly waived during trial or impliedly waived by the manner in which the trial is conducted." *Dalton* v. *Post Publishing Co.,* 328 Mass. 595, 598-599 (1952). The MBTA is therefore not entitled to raise an argument on appeal based on G. L. c. 161A, § 21.[4] See *Everett* v. *Bucky Warren, Inc.,* 376 Mass. 280, 286-287 (1978); *Loranger Constr. Corp.* v. *E.F. Hauserman Co.,* 376 Mass. 757, 762 (1978).

Although the applicability of G. L. c. 161A, § 21, to the case is not presented properly for decision, we think that the public interest will be served by our expressing briefly our opinion on the question, which has been briefed and argued before us. See *Wellesley College* v. *Attorney Gen.,* 313 Mass. 722, 731 (1943).

In 1969 the Legislature amended G. L. c. 231 by striking out § 85, which had previously provided for the affirmative defense of contributory negligence, and by substituting a new section by which the defense of contributory negligence was limited and the doctrine of comparative negligence was established. St. 1969, c. 761, § 1. By another amendment in 1973 the Legislature inserted the present version of the section. St. 1973, c. 1123, § 1. See note 3, *supra.* Section 85 now provides, in part, that "[c]ontributory negligence shall not bar recovery in any action by any person or legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not greater than the total amount of negligence attributable to the person or persons against whom recovery is sought." The Legislature did not expressly repeal the requirement in G. L. c. 161A, § 21, that nonpassengers must have been in the exercise of due care to

---

[4] At oral argument counsel for the MBTA stated that the argument based on G. L. c. 161A, § 21, was jurisdictional and so could be brought up for the first time on appeal. The MBTA did not argue this position in its brief, and we consequently do not address it. Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 919 (1975). We see no merit in such a claim.

recover from the MBTA. Nevertheless, we think that G. L. c. 231, § 85, impliedly repeals that requirement. The plain reference in § 85 to "*any* action by *any* person or legal representative" (emphasis supplied) compels that conclusion. "Where the language of a statute is plain, it must be interpreted in accordance with the usual and natural meaning of the words." *Gurley* v. *Commonwealth,* 363 Mass. 595, 598 (1973). The MBTA argues that the law does not favor repeals by implication. However, where two statutes are inconsistent and mutually repugnant, the later statute governs. "[E]ven in cases where it was logically possible that the prior statute continue in force as an exception to a more general subsequent statute, we held that there was implied repeal where it was necessary to give effect to the apparent legislative intent." *Rennert* v. *Trustees of State Colleges,* 363 Mass. 740, 743 (1973). The legislative intent apparent in the language of G. L. c. 231, § 85, makes it necessary to imply a repeal here.[5]

2. *Whether the trial judge erred in awarding interest on the judgment from March 14, 1977, at the rate of 12%.* The MBTA makes two arguments that it was error to award interest to Mirageas at the rate of 12%. Both have to do with St. 1982, c. 183. Section 2 of that act amended G. L. c. 231, § 6B, to provide that interest be added to damages for personal injury at the rate of 12% a year from the date of commencement of the action. Chapter 183 was approved by the Governor on June 28, 1982, and declared to be an emergency law by the Governor in a statement filed with the Secretary of the Commonwealth on July 1, 1982. The Secretary of the Commonwealth certified that in accordance with art. 48 of the Amendments to the

---

[5] In *Hearn* v. *Massachusetts Bay Transp. Auth.,* 389 Mass. 404, 407 (1983), we rejected an argument that the Legislature impliedly repealed the two-year statute of limitations in G. L. c. 161A, § 21, when it extended the time limitation in G. L. c. 260, §§ 2A and 4, from two years to three years. See St. 1973, c. 777, §§ 1, 3. That case is to be distinguished because of the existence of § 19 of G. L. c. 260, which provides that "[i]f a special provision is otherwise made relative to the limitation of any action, any provision of this chapter inconsistent therewith shall not apply." See also G. L. c. 260, § 2A, as amended by St. 1973, c. 777, § 1 (containing the limitation, "[e]xcept as otherwise provided").

Massachusetts Constitution, the act thereupon took effect immediately. See art. 48 of the Amendments to the Constitution of the Commonwealth, The Referendum, II.[6]

The defendant contends that the Governor did not comply with the requirements of art. 48 of the Amendments to the Constitution of the Commonwealth, The Referendum, II, in his declaration of emergency, and thus the act did not actually take effect until ninety days after its approval, i.e., September 26, 1982. See art. 48 of the Amendments, The Referendum, I.[7] The effective date of St. 1982, c. 183, is important in this case because § 4 of that act provided that the amendment to G. L. c. 231, § 6B, should apply "to all actions in which damages are assessed on or after the effective date of this act." Judgment was entered for Mirageas in the amount of $1,520,000 on September 22, 1982. Thus, if St. 1982, c. 183, did not take effect for ninety days after its approval, the change to a 12% rate of interest did not apply to this action.[8]

The MBTA argues that in the statement which the Governor filed with the Secretary of the Commonwealth he did not adequately "set[ ] forth the facts constituting the emergency," as required by art. 48 of the Amendments. The Referendum, II. The Governor included in his statement the sentence: "It is

---

[6] The pertinent part of art. 48 of the Amendments, The Referendum, II, provides: "But if the governor, at any time before the election at which it is to be submitted to the people on referendum, files with the secretary of the commonwealth a statement declaring that in his opinion the immediate preservation of the public peace, health, safety or convenience requires that such law should take effect forthwith and that it is an emergency law and setting forth the facts constituting the emergency, then such law, if not previously suspended as hereinafter provided, shall take effect without suspension, or if such law has been so suspended such suspension shall thereupon terminate and such law shall thereupon take effect . . . ."

[7] Article 48 of the Amendments to the Constitution of the Commonwealth, The Referendum, I, provides: "No law passed by the general court shall take effect earlier than ninety days after it has become a law, excepting laws declared to be emergency laws and laws which may not be made the subject of a referendum petition, as herein provided."

[8] The MBTA argues that the applicable rate of interest was 8%, as provided by G. L. c. 231, § 6B, as amended through St. 1974, c. 224, § 1.

in the public interest that the provisions of this Act be effective immediately in order that the two percent interest increase may be of benefit to the parties in certain actions of law." The MBTA claims that this sentence does not constitute a statement of facts that warrants the conclusion that an emergency existed. Under our previous opinions, however, the Governor's statement was an adequate declaration of emergency. See *Sears* v. *Secretary of the Commonwealth,* 369 Mass. 392, 405-406 (1975); *Prescott* v. *Secretary of the Commonwealth,* 299 Mass. 191, 197-198, 202-204 (1938). See also *Molesworth* v. *Secretary of the Commonwealth,* 347 Mass. 47 (1964).

The MBTA's second argument that the 12% interest rate should not have been applied in this case relates to § 4 of St. 1982, c. 183. Section 4 provided that the amendment to G. L. c. 231, § 6B, in § 2 of c. 183 should apply "to all actions in which damages are assessed on or after the effective date of this act." The defendant argues that because this amendment was to apply to actions pending at the time it was enacted, it was retroactive[9] and, in so far as it was retroactive, was invalid. The MBTA's argument here depends on its assertion, without citation of authority, that the assessment of interest is in the nature of a penalty. More need not be said than that the interest afforded by G. L. c. 231, § 6B, is not a penalty. It is awarded to compensate for the delay in the plaintiff's obtaining his money. *Bernier* v. *Boston Edison Co.,* 380 Mass. 372, 388 (1980), and cases cited.

3. *Whether the trial judge erred in denying the defendant's motion for a new trial.* The MBTA's final claim on appeal is that the trial judge erred in denying its motion for a new trial. In so far as that claim is based on the contention that the judgment for the plaintiff was against the law, it has been answered. In so far as it is based on the contention that the dam-

---

[9] Since the defendant does not dispute that § 4 of St. 1982, c. 183, made § 2 of that chapter retroactive, its citation of *Porter* v. *Clerk of the Superior Court,* 368 Mass. 116 (1975), is inapposite. The issue in that case was whether the amendment to G. L. c. 231, § 6B, enacted by St. 1974, c. 224, § 1, was to be given retroactive effect. Chapter 224 of St. 1974 contained no provision comparable to § 4 of St. 1982, c. 183.

ages awarded to the plaintiff were excessive, we also see no merit in the claim. "In this court as an appellate tribunal an award of damages must stand unless to make it or to permit it to stand was an abuse of discretion on the part of the court below, amounting to an error of law." *Bartley* v. *Phillips,* 317 Mass. 35, 43 (1944). An appellate court will not find an abuse of discretion in the judge's refusal to grant a new trial on the ground of excessive damages "[u]nless the damages awarded were greatly disproportionate to the injury proven or represented a miscarriage of justice." *doCanto* v. *Ametek, Inc.,* 367 Mass. 776, 787 (1975). On the record presented in this case, we think that the damages awarded to Mirageas were not greatly disproportionate to his injury, nor do we think that they represented a miscarriage of justice.

*Judgment affirmed.*

*Order denying motion for new trial affirmed.*