## ANNE HENNESSEY vs. ROBERT BERGER.

Hampden. October 4, 1988. — December 27, 1988.

Present: HENNESSEY, C.J., WILKINS, LIACOS, LYNCH, & O'CONNOR, JJ.

*Medicaid. Statute*, Construction. *Consumer Protection Act*, Unfair act or practice.

A physician who decided not to participate in the Medicaid program did not thereby discriminate against a recipient of medical assistance in violation of the the statutory prohibition against discrimination on the basis of receipt of public assistance, G. L. c. 151B, § 4 (10) [650-652], nor was a physician's nonparticipation in Medicaid an unfair or deceptive trade practice in violation of G. L. c. 93A, § 2 (*a*), or a denial of equal access to a place of public accommodation in violation of G. L. c. 272, §§ 92A, 98 [652-653].

CIVIL ACTION commenced in the Superior Court Department on January 16, 1986.

A motion to dismiss was heard by *Charles R. Alberti*, J., and the case was heard by *John F. Moriarty*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Peter Benjamin (J. Paterson Rae* with him) for the plaintiff.

*Edward J. McDonough, Jr.* (*William C. Flanagan* with him) for the defendant.

*Kathleen R. Curtis,* & *Jack R. Bierig* & *James C. Dechene* of Illinois, for Massachusetts Medical Society, amicus curiae, submitted a brief.

*Sarah F. Anderson, Lynn A. Girton,* & *Diana H. Horan* for Tri-City W.R.O. & another, amici curiae, submitted a brief.

HENNESSEY, C.J. The plaintiff, Anne Hennessey, brought this action for declaratory relief, injunctive relief, and damages against the defendant, Dr. Robert Berger, alleging that he refused to treat her because of her status as a Medicaid recipient. The plaintiff appeals from a judgment of the Superior Court

dismissing her claim that the defendant's decision not to participate in the Medicaid program, and his resulting inability to treat her on a Medicaid basis, was by itself discriminatory and unlawful. We transferred the appeal here on our own motion, and affirm the judgment.

The plaintiff is a Medicaid recipient. The defendant, a licensed ophthalmologist, is not enrolled as a Medicaid provider. In May, 1985, the plaintiff telephoned the defendant's office to arrange an eye examination. The plaintiff informed the defendant's receptionist that she was a Medicaid recipient. The receptionist stated that the defendant was not enrolled in the Medicaid program and therefore could not treat the plaintiff in exchange for Medicaid reimbursement. The plaintiff alleged that the receptionist also stated that the defendant would not treat the plaintiff even on a cash basis.

The plaintiff filed a complaint alleging that each of the defendant's actions, his decision not to enroll in the Medicaid program, and his refusal to treat the plaintiff on a cash basis, violated the statutory prohibitions against discrimination on the basis of receipt of public assistance, G. L. c. 151B, § 4 (10) (1986 ed.), against unfair and deceptive business practices, G. L. c. 93A, § 2 (*a*) (1986 ed.), and against denial of equal access to places of public accommodation, G. L. c. 272, §§ 92A, 98 (1986 ed.). The defendant moved to dismiss the complaint in its entirety for failure to state a claim on which relief could be granted. Granting the defendant's motion in part, the motion judge dismissed the plaintiff's claims under G. L. c. 272, §§ 92A, 98, and dismissed her claim that the defendant's failure to enroll in the Medicaid program violated G. L. c. 151B, § 4 (10), and G. L. c. 93A, § 2 (*a*). The judge, however, denied the defendant's motion as to the plaintiff's claims that the defendant's refusal to treat her on a cash basis violated G. L. c. 151B, § 4 (10), and G. L. c. 93A, § 2 (*a*).

After a trial without a jury on these two remaining claims, a Superior Court judge found that the defendant's receptionist had not refused to make an appointment for the plaintiff on a cash basis, and that the plaintiff was treated no differently from a privately paying patient. The judge therefore determined

that the defendant did not engage either in unlawful discrimination or in unfair or deceptive trade practices. The plaintiff then appealed the dismissal of her claims that the defendant's decision not to enroll in Medicaid was discriminatory and unlawful under G. L. c. 272, §§ 92A, 98, G. L. c. 151B, § 4 (10), and G. L. c. 93A, § 2 (a).[1]

We first address the plaintiff's contention that a physician violates G. L. c. 151B, § 4 (10), unless he or she enrolls in the Medicaid program, and conclude that § 4 (10) does not of its own force mandate enrollment. An examination of Federal and State law indicates that a physician's participation in the Medicaid program is voluntary. The Medicaid program, 42 U.S.C. §§ 1396 - 1396s (1982 & Supp. IV 1986), is a cooperative program between the Federal and State governments which is intended to provide certain necessary medical services to individuals who cannot afford them. See *Massachusetts Ass'n of Older Ams.* v. *Sharp*, 700 F.2d 749, 750 (1st Cir. 1983); *American Medical Ass'n* v. *Mathews*, 429 F. Supp. 1179, 1192 (N.D. Ill. 1977). A State that decides to participate in the program must comply with the Federal statute and regulations. *Massachusetts Ass'n of Older Ams.*, *supra* at 750. Federal law does not mandate physician participation, see 42 C.F.R. § 447.25 (1987), but instead seeks to attract physicians voluntarily by requiring that States offer adequate financial incentives. 42 C.F.R. § 447.204 (1987). Courts have recognized that, under Federal law, participation by health care providers in Medicaid is voluntary. E.g., *Pharmacist Political Action Comm.* v. *Harris*, 502 F. Supp. 1235, 1243 (D. Md. 1980) (interpreting Federal regulations).

Participation in the Massachusetts Medicaid program is similarly voluntary. G. L. c. 118E, § 18 (1986 ed.). Section 18 of c. 118E provides that "[p]articipation in the program shall be limited to providers of services who . . . (1) indicate their intention to the department to so participate." The statute on its face indicates the Legislature's intent to make the Medicaid

---

[1] The plaintiff originally also appealed the dismissal of her G. L. c. 272, § 98, claim based on the defendant's alleged refusal to accept cash payment. The plaintiff has since decided not to pursue this appeal.

program a voluntary one. In addition, regulations promulgated by the Board of Registration in Medicine and the Department of Public Welfare do not require physicians to enroll in the Medicaid program. 243 Code Mass. Regs. § 2.07 (9) (1988). 106 Code Mass. Regs. § 450.202 (1988). Finally, our decisions have consistently recognized the voluntary nature of the program. *Stornanti* v. *Commonwealth*, 389 Mass. 518, 526 & n.12 (1983). *Massachusetts State Pharmaceutical Ass'n* v. *Rate Setting Comm'n*, 387 Mass. 122, 136 n.13 (1982). *Murphy Nursing Home, Inc.* v. *Rate Setting Comm'n*, 364 Mass. 454, 461 (1973), appeal dismissed, 417 U.S. 962 (1974).

The plaintiff argues that a physician who decides not to participate in the Medicaid program discriminates against a recipient of medical assistance and thereby violates § 4 (10). Chapter 151B, § 4 (10), does not expressly require a physician to enroll in the Medicaid program and treat recipients in exchange for Medicaid reimbursement. The section provides in general language that it is unlawful "[f]or any person furnishing credit, services or renting accommodations to discriminate against any individual who is a recipient of . . . medical assistance . . . solely because the individual is such a recipient." G. L. c. 151B, § 4 (10). Even if the general antidiscrimination requirements of § 4 (10) are arguably inconsistent with the specific provisions of the Medicaid program which provide for voluntary participation, where "a general statute and a specific statute cannot be reconciled, the general statute must yield to the specific statute." *Pereira* v. *New England LNG Co.*, 364 Mass. 109, 118 (1973). *Spring* v. *Geriatric Auth. of Holyoke*, 394 Mass. 274, 281-282 (1985). Absent a specific repeal of G. L. c. 118E, § 18(1), or an explicit statement of legislative intent, see *id.*, we will not assume that the Legislature intended to mandate that health care providers enroll in the Medicaid program.[2]

This reading does not, as the plaintiff argues, deprive § 4 (10) of its meaning. Under our reading, § 4 (10) would, for

---

[2] The Legislature has considered several bills which would mandate physician participation in Medicaid. 1985 Sen. Doc. No. 924. 1986 Sen. Doc. No. 502. 1987 Sen. Doc. No. 452. None of these bills has been adopted.

example, prohibit a physician who is not enrolled in Medicaid from refusing to treat a Medicaid recipient on the same terms as a privately paying patient.[3] Section 4 (10) would also require a physician to provide the same quality of care to all patients regardless of the physician's status as a Medicaid participant. These few examples demonstrate that we do not render § 4 (10) meaningless by rejecting the plaintiff's claim that the section mandates physician participation in Medicaid.

Our decision in *Attorney Gen.* v. *Brown*, 400 Mass. 826 (1987), does not control the outcome of this case. In *Brown*, we examined the relationship between G. L. c. 151B, § 4 (10), and the Section 8 program, 42 U.S.C. § 1437f (1982). *Id.* at 829-830. The Section 8 program is intended to provide affordable, decent housing for low income individuals and, at the Federal level, envisions voluntary participation by landlords. *Id.* The defendant landlord in *Brown* refused absolutely to process rental applications from individuals eligible for the Section 8 program, even though approximately 800 of his apartments fell within the range of fair market rentals allowed by Section 8. *Id.* at 831-832 & n.7. We concluded that the landlord's conduct constituted a prima facie case of unlawful discrimination under G. L. c. 151B, § 4 (10), and required the landlord to produce evidence of a nondiscriminatory reason for his actions. *Id.* at 833. We did not state, as the plaintiff here argues, that the decision not to enroll in a voluntary governmental program by itself constitutes unlawful discrimination under G. L. c. 151B, § 4 (10).

The plaintiff's claims that failure to enroll in the Medicaid program violates G. L. c. 93A, § 2 (*a*), and G. L. c. 272, §§ 92A, 98, are similarly without merit. Because participation in the Medicaid program is voluntary, nonparticipation cannot constitute an unfair or deceptive trade practice under G. L. c. 93A, § 2 (*a*). For the same reason, a physician who decides

---

[3] The motion judge in this case properly reserved the plaintiff's claims on this issue for trial.

not to enroll in the program does not unlawfully make "any distinction, discrimination or restriction" under G. L. c. 272, §§ 92A, 98. The judge properly granted the defendant's motion to dismiss on these issues.

*Judgment affirmed.*