W.D. COWLS, INC. *vs.* BOARD OF ASSESSORS OF SHUTESBURY. No. 91-P-1517. June 1, 1993. *Taxation*, Real estate tax: abatement; Forest products; Appellate Tax Board: jurisdiction, late entry of appeal.

---

For want of jurisdiction because late filed, the Appellate Tax Board dismissed an appeal from a forest products and land tax assessment levied under G. L. c. 61, § 3, against W.D. Cowls, Inc. (Cowls). It is possible through the application of ingenuity to read mystery into the deadlines imposed on tax appeals under that statute. If, however, we read the language of the statute with an eye to its apparent, rather than its hidden, meaning and with a view to achieving a contextually reasonable construction, the time limits to be observed are unmistakable. See *School Comm. of Greenfield* v. *Greenfield Educ. Assn.*, 385 Mass. 70, 79-80 (1982); *Newbury St. Assoc.* v. *Assessors of Boston*, 386 Mass. 513, 515 (1982); *Mirageas* v. *Massachusetts Bay Transp. Authy.*, 391 Mass. 815, 819 (1984).

The tax assessed under G. L. c. 61, § 3, is based on wood actually cut (the product tax) and the fair cash value of land classified as forest land (the land tax). We pass over the mechanics under § 3 of returns by a taxpayer and assessments by the town and proceed to the applications for abatement of the product and land taxes assessed to Cowls. Those applications Cowls filed with the assessors of Shutesbury on July 26, 1990, and August 9, 1990. The assessors never acted on them. On January 8, 1991, i.e., 166 days after the first application for abatement and 152 days after the second, Cowls entered its appeal with the Appellate Tax Board. We think that the Appellate Tax Board correctly decided that the statute required appeals concerning a § 3 tax to be filed within three months of an application for abatement.

The pertinent sentence in G. L. c. 61, § 3, reads as follows:

> "Any person aggrieved by the refusal of the assessors to so abate a tax in whole or in part or by their failure to act on such application may appeal to the appellate tax board within thirty days after the date of notice of decision of the assessors or within three months of the date of the application for abatement, whichever date is later." G. L. c. 61, § 3, added by St. 1981, c. 768, § 1.

The statute imposes two deadlines. First, if the assessors notify the taxpayer that they refuse to grant an abatement, the taxpayer must act within thirty days of that notice of refusal to preserve rights of appeal in the Appellate Tax Board. Second, if the assessors do nothing, they are assumed to have refused a tax abatement and the taxpayer must file with the Appellate Tax Board within three calendar months of the application for abatement. Cowls protests that until the assessors act, the taxpayer cannot know that it is aggrieved, but that argument fails to take into account that the taxpayer may be deemed aggrieved — indeed, may *be* aggrieved — by the failure of the assessors to act. That the failure of assessors to act may be taken as presumptive of denial of an application for abatement is a

concept of long standing in property taxation in Massachusetts. See G. L. c. 59, § 64. [1] See also G. L. c. 58A, § 6.

An additional basis for confusion which Cowls raises is that if, for example, the assessors acted and refused an abatement on the eighty-ninth day after an application for abatement, would not thirty days thereafter be the deadline for filing an appeal to the Appellate Tax Board since the statute speaks of thirty days after refusal of the application, or three months after the date of the application, "whichever is later." Indeed, the plain words of the statute produce such a result, but this does not help Cowls because the assessors, in fact, did not ever refuse his application for abatement. What then if the assessors refuse an abatement after the three months period has run? One may deduce that the design of the statute is that if a tax levied under G. L. c. 61, § 3, is to be challenged in the Appellate Tax Board, that challenge must be brought within three months of the applicaton for abatement and thereafter any further action by the assessors is to be taken in the context of the proceedings before the board.

Cowls finds further difficulty in establishing the filing deadlines under G. L. c. 61, § 3, by pointing to G. L. c. 58A, § 6, which deals generally with the jurisdiction of the Appellate Tax Board. Section 6 provides (in a manner conceptually similar to that of G. L. c. 59, § 64, referred to above) that whenever assessors of a city or town fail to act on an application for abatement for three months, the application shall be deemed denied, and the taxpayer shall have an additional three months to file an appeal with the Appellate Tax Board. The forest product and land tax statute, however, was enacted later than the Appellate Tax Board jurisdiction statute and for that reason the filing deadlines in the forest product and land tax statute must be taken as superseding the general deadlines earlier provided in G. L. c. 58A, § 6. *Mirageas* v. *Massachusetts Bay Transp. Authy.*, 391 Mass. at 819. *Pinshaw* v. *Metropolitan Dist. Commn.*, 402 Mass. 687, 693 (1988). See also *Doherty* v. *Commissioner of Admn.*, 349 Mass. 687, 690 (1965). It is also a principle of statutory construction that a specifically applicable provision trumps one of general applicability. *Hennessey* v. *Berger*, 403 Mass. 648, 651 (1988). *Risk Mgmt. Foundation of Harvard Med. Insts.* v. *Commissioner of Ins.*, 407 Mass. 498, 505 (1990). 2B Singer, Sutherland Statutory Construction § 52.01 (5th ed. 1992). See also *Pereira* v. *New England LNG Co.*, 364 Mass. 109, 118-119 (1973). Provisons identical with those in G. L. c. 61, § 3, regarding time limits for an appeal to the Appellate Tax Board

---

[1]General Laws c. 59, § 64, as appearing in St. 1937, c. 400, § 6, amended by St. 1945, c. 621, § 5, provides, in pertinent part: "Whenever a board of assessors, before which an application in writing for the abatement of a tax is or shall be pending, fails to act upon said application . . . prior to the expiration of three months from the date of filing of such application it shall then be deemed to be denied and the assessors shall have no further authority to act thereon."

appear in two other statutes relating to the taxation of specially classified land: G. L. c. 61A, § 19, and c. 61B, § 14.

We are persuaded by examination of the over-all statutory scheme, to which it is our duty to give effect, *Tedford* v. *Massachusetts Hous. Fin. Agency*, 390 Mass. 688, 696 (1984), that the Legislature in the case of specially classified land, has provided that, in the absence of action by the assessors on an applicaton for abatement, an appeal to the Appellate Tax Board must be filed within three months of the date of application for abatement.

> *Order of the Appellate Tax*
> *Board denying the taxpayer's*
> *appeal affirmed.*

*Richard M. Howland* for the taxpayer.

*Michele L. Leaf,* Town Counsel, for the board of assessors of Shutesbury.