Cratsley, John C., J.
This case is before this Court on a Motion for Relief from Judgment filed by the defendant, Massachusetts Bay Transportation Authority (“MBTA”), pursuant to Mass.R.Civ.P. 60(b)(6). The MBTA claims that a 2009 amendment to the Massachusetts Torts Claim Act (“MTCA”), that brought the MBTA within the definition of “public employer” for the purposes of the MTCA, applies retroactively to the judgment in this case and thus the MBTA is entitled to relief from judgment with regard to its liability for all pre- and post-judgment interest and costs. Alternatively, the MBTA argues that should the Court find that the amendment does not apply retroactively, it is entitled to relief for all prospective post-judgment interest beginning on the date upon which the amendment went into effect. For the reasons stated herein, the defendant’s motion is DENIED.
BACKGROUND
I Case History
Plaintiff Timothy Smith (“Smith”) was injured in a motor vehicle accident by an MBTA bus on July 15, 2005. Smith filed suit against the, MBTA for personal injuries stemming from the accident and a jury verdict was returned in his favor on September 28, 2009. Judgment entered on September 30, 2009 for the amount of $661,784.00 plus costs and interest. A judge denied the MBTA’s Motion for a New Trial on October 29, 2009, after which it timely filed a notice of appeal. On September 3, 2010 the MBTA filed a motion[1] pursuant to Mass.R.Civ.P. 60(b)(6) seeking relief from the judgment to the extent that it imposed costs and interest. The MBTA’s motion rests on the recent amendments to the Massachusetts Torts Claim Act, G.L.c. 258.
II MTCA and 2009 Amendments
On June 25, 2009, the Governor of Massachusetts signed into law chapter 25[2] of the Acts of 2009 (“c. 25”). Included within c. 25 were certain amendments to G.L.c. 258, commonly known as the Massachusetts Torts Claim Act (“MTCA”). See e.g., St. 2009, c. 25, §§123-26, amending G.L.c. 258. Importantly for this case, c. 25, §123 (“§123”) added the MBTA to the definition of public employer for the purposes of the MTCA.[3] Id. §123. Classification as a public employer under the MTCA entitles the MBTA to certain limitations on its liability for the acts and omissions of its employees, including a bar on interest prior to judgment. See G.L.c. 258, §2. Pursuant to c. 26, §60 of the Acts of 2009 (“c. 26”), which was signed into law on June 28, 2009, the effective date for this change was November 1, 2009.
DISCUSSION
The defendant filed a Motion for Relief from Judgment on the grounds that the 2009 amendments to the MTCA apply retroactively to the plaintiffs judgment and, therefore, relieve the MBTA from liability for interest and costs. See G.L.c. 258, §2 (public employ *540 ers shall not be liable for interest prior to judgment); Onofrio v. Department of Mental Health, 411 Mass. 657, 559 (1992) (post-judgment interest not recoverable under MTCA because G.L.c. 258 contains no provision permitting the award of post-judgment interest either expressly or by necessary implication); Ware v. Commonwealth, 409 Mass. 89, 91-93 (1991) (denying recovery of costs in a MTCA action because the language of G.L.c. 258 neither expressly nor impliedly indicates that costs are recoverable). Alternatively, defendant argues that should the Court find that the amendments do not apply retroactively, the MBTA should be relieved of all interest prospectively from the date upon which the amendments became effective. Finally, this case also raises a procedural issue as to whether the MBTA’s rule 60(b)(6) motion was filed properly. Because I find that the amendments apply neither retroactively nor prospectively in the manner MBTA contends, the procedural issue need not be addressed.
I Consideration of the Motion
Rule 60 of the Massachusetts Rules of Civil Procedure provides a pathway for relief from a final judgment or order under various circumstances. Motions pursuant to Rule 60 are addressed to the discretion of the judge. Owens v. Mukendi, 448 Mass. 66, 72 (2006). A judge considering a Rule 60(b)(6) motion may consider whether the moving party “has a meritorious claim or defense . . . whether extraordinary circumstances warrant relief. . . and ‘whether the substantial rights of the parties in the matter in controversy’ will be affected by granting the motion.” Id., (citations omitted).
Here, the MBTA’s claim turns on whether the amendments apply retroactively. “Whether a statute applies retroactively is a question of legislative intent.” Fontaine v. Ebtec Corp., 415 Mass. 309, 318 (1993). To ascertain intent, courts look at the whole of a statute as well as its subject matter, “and must interpret the statute so as to render the legislation effective, consonant with sound reason and common sense.” Fleet v. Commissioner of Revenue, 448 Mass. 441, 448 (2007). Where uncertainty exists, “it must be resolved against retroactivity.” Id., at 449.
After careful consideration of c. 25 and c. 26,1 find that the legislature intended the amendment to take effect on November 1, 2009. Chapter 26 unambiguously struck all previous designations of dates for when the provisions of c. 25 would take effect.[4] See c. 26, §60. In doing so, it provided a new framework, listing twenty specific provisions that would take effect on July 1, 2009 and leaving the remainder to take effect on November 1, 2009. Id. Had the Legislature intended the relevant amendment to the MTCA to take effect prior to November 1, 2009, it would have listed that provision along with the other twenty. See c. 26 §60. See also St. 2009, c. 25, §183-85.
An analysis of the statute, even absent this express intent, yields the same result. In the absence of an express intent, the general rule is that all statutes are prospective unless such an intent can be found “by necessary implication from their words, context or objects when considered in the light of the subject matter, the pre-existing state of the law and the effect upon existent rights, remedies and obligations.” Fleet, 448 Mass. at 448. “It is only statutes regulating practice, procedure and evidence, in short, those relating to remedies and not affecting substantive rights, that commonly are treated as operating retroactively, and as applying to pending actions or causes of action.” Id.; Fontaine, 415 Mass. at 318.
The difference between statutes affecting remedies and statutes affecting substantive rights is often difficult to draw. Fleet, 448 Mass. at 449; Fontaine, 415 Mass. at 319. The Supreme Judicial Court has explained that for the purpose of statutes affecting remedies, retrospective application encompasses only two types — "essentially procedural legislation which preserves a remedy that might otherwise be lost, or [legislation] which creates a new enforcement mechanism for remedying the impairment of an existing legal right."[5] Fontaine, 415 Mass. at 319. Where a statute or amendment simply extinguishes a substantive right, it does not operate retroactively. See Fleet, 448 Mass. at 450 (emergency amendment of tax laws that altered taxpayers’ ability to receive interest on tax refunds “extinguished an existing substantive right” and thus did not apply retroactively).
The MBTA argues that the amendment is remedial and therefore applies retroactively. This argument is unavailing for two reasons. First, even if the amendment is remedial, it does not fit within either of the two types of situations distinguished in Fontaine where remedial statutes apply retroactively. See Fontaine, 415 Mass. at 319. The amendment does not preserve a remedy that would otherwise be lost nor does it create a new enforcement mechanism for remedying impairment of an existing legal right. Instead the amendment extinguishes the existing right to receive interest and costs. See Fleet, 448 Mass. at 450.
Second, “legislation limiting or increasing the measure of liability, while arguably remedial in the broad sense of that word, generally is considered to impair the substantive rights of a party who will be adversely affected by the legislation. In the absence of a provision mandating retrospective application, we have not assumed that such legislation applies to claims arising prior to enactment.” Fontaine, 415 Mass. at 319. Here, there is no provision mandating retrospective application. Thus, limiting the MBTA’s liability by applying the amendment retroactively will impair Smith’s substantive rights by reducing his recovery by nearly one-third. Because of this impairment of Smith’s right and because the amendment is not of the type of remedial statute previously given retrospective effect, *541 I conclude that even absent the clear intent of the legislature in c. 26, §60 the amendment does not apply retroactively.
As for the MBTA’s alternative claim that it is entitled to relief from post-judgment interest beginning on November 1, 2009, that argument is also unavailing. The MBTA relies on Mirageas v. MBTA, 391 Mass. 815 (1984). That case, however, is distinguishable from the present situation. Significantly, in Mirageas the Court held that an emergency amendment to G.L.c. 231, §6B was applicable to a plaintiffs case where the amendment was passed and took effect three months before final judgment in the case. See id. at 820, 821. Here, the relevant amendment went into effect approximately one month after final judgment in the case. See Mass.R.Civ.P. 54 (judgments under Rule 58 are final judgments). Because final judgment had entered, post-judgment interest is controlled by the law as it existed on the date of final judgment and is not cut off by §123 going into effect on November 1, 2009.
Because I find that there was an express intent on the part of the Legislature that the amendment take effect on November 1, 2009, and because the amendment impairs Smith’s substantive rights and is not within the narrow set of remedial laws that are given retrospective effect, I conclude that the amendment does not apply retroactively to relieve the MBTA of its obligation to pay costs and interest.
ORDER
For the foregoing reasons, defendant MBTA’s Motion for Relief from Judgment as to costs and interest is DENIED.

 With permission from the Appeals Court.

 Chapter 25 was entitled, “An Act Modernizing the Transportation Systems of the Commonwealth.”

 Sechon 123 states in relevant part, “Section 1 of chapter 258 of the General Laws, as so appearing, is hereby amended by inserting after the word ’’including," in line 40, the following words: — the Massachusetts Department of Transportation, the Massachusetts Bay Transportation Authority, any duly constituted regional transit authority and the Massachusetts Turnpike Authority and.”

 The relevant sections of chapter 25 read as follows:
SECTION 182. The board of the Massachusetts Department of Transportation shall have the power to exercise its powers under chapter 6C and other provisions of this act on November 1, 2009.
SECTION 183. Sections 108, 144 and 145 shall take effect on November 1, 2009.
SECTION 184. Sections 133, 134 to 139, inclusive, and 141 to 143, inclusive, shall take effect on January 1, 2010.
SECTION 185. Except as otherwise provided in this act, this act shall take effect on July 1, 2009. The relevant section of chapter 60 read as follows:
SECTION 60. Senate, No. 2087 is hereby further amended by striking out Sections 183, 184 and 185 and inserting in place thereof the following 3 sections:
Section 183. Sections 14, 33, 34, 35, 68, 70, 71, 72, 79, 81, 82, 130, 141, 143, 146, 149, 162, 163, 164 and 168 shall take effect on July 1, 2009.
Section 184. The provisions of Sections 8 and 9 that relate to powers and responsibilities of the Massachusetts Department of Transportation with respect to the Maurice J. Tobin Memorial Bridge shall take effect on January 1, 2010.
Section 185. Except as otherwise provided herein, this act shall take effect on November 1, 2009.

 “For example, retrospective application has been given to legislation extending the time for filing for an application for a tax abatement, Lindberg v. State Tax Comm'n 335 Mass. 141, 143 (1956); to legislation modifying the requirements for filing an application for a tax abatement, Wynn v. Assessors of Boston 281 Mass. 245, 249 (1932); and to legislation providing direct access to the courts to enforce preexisting legal rights, Selectmen of Amesbury v. Citizens Elec. St. Ry., 199 Mass. 394, 395 (1908).” Fontaine, 415 Mass. at 319.